subsequent offense not charged in the complaint. This testimony related to defendant's return (after taking the $5.00) to strike the victim again, empty his pockets and take some change. Evidence of a subsequent offense unrelated to the offense charged is generally inadmissible in a criminal case. (*Farris v. People* (1889), 129 Ill. 521, 531, 21 N.E. 821, 823.) However, an objection at trial is normally necessary to preserve an issue for review. (*People v. Dickman* (1969), 117 Ill.App.2d 436, 440, 253 N.E.2d 546, 548.) In the instant case, not only does the subsequent offense appear related to the offense charged, but no objection to such testimony was raised at trial.

For the reasons heretofore mentioned, the decision of the trial court is affirmed.

Affirmed.

DRUCKER, P. J., and ENGLISH, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* RUSSELL SMITH, Petitioner-Appellant.

(No. 57309; ▮▮▮▮▮▮▮▮)

First District (5th Division)—February 16, 1973.

PER CURIAM.

Gerald W. Getty, Public Defender, of Chicago, (Richard S. Kling, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Irvin Robbins, Assistant State's Attorney, of counsel,) for the People.